UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                      Case No. 3:18-cr-288

         Plaintiff,

   v.                                   MEMORANDUM OPINION
                                          AND ORDER

Antoine Neal,

         Defendant.

## I.    INTRODUCTION AND BACKGROUND

Defendant Antoine Neal, an inmate at Federal Correctional Complex – Cumberland in Cumberland, Maryland, seeks an order reducing his sentence to time served and providing for his immediate release from custody. (Doc. No. 17). The government filed a brief in opposition. (Doc. No. 18). The time has now lapsed for Neal to file a reply, and he has not done so.

In June 2018, Neal was indicted on one count of conspiracy to distribute fentanyl, heroin, and carfentanil, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) and 21 U.S.C. § 846, eight counts of distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 21 U.S.C. § 851, two counts of distribution of carfentanil, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B), one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 21 U.S.C. § 851, and two counts of possession with the intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 21 U.S.C. § 851. (Doc. No. 1). Neal pled guilty to these offenses. (Doc. No. 15). After considering the arguments of counsel and the factors set forth in 18 U.S.C. § 3553(a), for each count, I sentenced Neal to 72 months in prison and 4 years of

1

supervised release to be served concurrently. (*Id.*). Neal is scheduled to be released on July 12, 2023.

On December 9, 2020, Neal filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1). (Doc. No. 17). In support, Neal alleges he has had a recurring and ongoing bacterial infection while incarcerated that evinces his weakened immune system, which increases his risk of serious illness or death if he were to contract COVID-19 while incarcerated. Neal also claims he has had no disciplinary issues while incarcerated.

## II.     ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

Prior to filing his motion for compassionate release, Neal requested relief from the Warden, who denied his request. (Doc. Nos. 17-2, 17-3, 17-4, 17-5, & 17-6). Therefore, Neal satisfied the exhaustion requirement.

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)); *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any

of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

In this case, I cannot conclude a modified sentence would serve the purposes of § 3553(a). 18 U.S.C. § 3553. Neal was sentenced to 72 months imprisonment after pleading guilty to fourteen offenses related to the possession and distribution of 174 grams of heroin, 5.91 grams of cocaine base, 66.99 grams of fentanyl, and 26.02 grams of carfentanil. Fentanyl is a particularly potent and deadly narcotic, and carfentanil is an opioid 100 times more potent than fentanyl.[1] Although Neal initially denied that he knew he was selling these incredibly dangerous drugs, he later acknowledged that he knew what he was selling.

Although I commend Neal for his lack of disciplinary violations, approximately 40% of his sentence remains to be served. Neal has not shown a reduced sentence would be sufficient to comply with the § 3553(a) purposes of sentencing and attendant factors, including the nature and circumstances of the offense of conviction, his lengthy criminal history including previous drug-related convictions, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and to protect the public from future criminal behavior. 18 U.S.C. § 3553(a)(1)-(2).

Even if extraordinary and compelling reasons warranted a reduction, the § 3553(a) factors do not support such a reduction. Therefore, compassionate release must be denied.

---

[1] DEA Issues Carfentanil Warning to Police and Public, Drug Enforcement Administration (Sept. 22, 2016), https://www.dea.gov/press-releases/2016/09/22/dea-issues-carfentanil-warning-police-and-public.

### III. CONCLUSION

For the foregoing reasons, Neal's motion for compassionate release is denied. (Doc. No. 17).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
